IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03253-BNB

RONALD FOGLE, and
DARLENE FOGLE,

    Plaintiffs,

v.

ARCHER THOMAS ELLIOTT, JR.,

    Defendant.

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiffs, Ronald and Darlene Fogle, initiated this action by filing *pro se* a pleading titled "Prisoner Complaint/Complaint for Gross Negligence." Ronald Fogle is a prisoner in the custody of the Colorado Department of Corrections at the Crowley County Correctional Facility in Olney Springs, Colorado. Darlene Fogle, who is Ronald Fogle's mother, resides in Maryland.

    The court must construe the complaint liberally because Plaintiffs are not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Plaintiffs will be ordered to file an amended complaint.

    The court has reviewed the complaint and finds that the complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice

of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Plaintiffs' complaint fails to comply with the pleading requirements of Rule 8 because the specific claims for relief asserted in the complaint are not clear. Plaintiffs allege that Defendant, an attorney who represented Mr. Fogle in a prior civil rights action in the District of Colorado, *see Fogle v. Slack*, No. 05-cv-01211-KHV-CBS (July 20, 2010), *aff'd*, 419 F. App'x 860 (10th Cir. 2011), violated various constitutional rights by agreeing to the dismissal of Mr. Fogle's claims in the prior action. Plaintiffs specifically assert one claim for relief claiming that their rights under the "First, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution were

violated by Mr. Elliott's actions and omissions." (Doc. #1 at 4.)  However, Plaintiffs fail to provide specific factual allegations in support of each different constitutional claim they are asserting and they fail to distinguish between the specific constitutional claims they are asserting.  It is not sufficient to allege in conclusory fashion that their rights under a variety of constitutional amendments were violated without providing specific factual allegations to support each constitutional claim.  The court also notes that Plaintiffs fail to allege any facts that demonstrate Defendant was acting under color of state law, an essential allegation with respect to all of their constitutional claims under 42 U.S.C. § 1983.  **See West v. Atkins**, 487 U.S. 42 (1988).

It also is not clear whether Plaintiffs are asserting only constitutional claims in this action because Plaintiffs describe the complaint in part as a complaint for gross negligence and Plaintiffs assert diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.  If Plaintiffs are asserting only constitutional claims, there is no need to exercise either diversity or supplemental jurisdiction over any of their claims.  However, if Plaintiffs are asserting any claims that require the court to exercise either diversity or supplemental jurisdiction, they fail to set forth a short and plain statement of those claims.  The court also notes that, if Plaintiffs are relying on diversity jurisdiction, they fail to allege facts that demonstrate complete diversity of citizenship between the parties.  **See Owen Equip. & Erection Co. v. Kroger**, 437 U.S. 365, 373-74 (1978) (stating that a federal court has diversity jurisdiction under § 1332(a)(1) to entertain state law claims only when "*each* defendant is a citizen of a different State from *each* plaintiff" and that "diversity jurisdiction is not to be available when any plaintiff is a citizen of the same

State as any defendant"). The addresses provided in the complaint indicate that both Mr. Fogle and Defendant are residents of Colorado.

For all of these reasons, Plaintiffs will be ordered to file an amended complaint if they wish to pursue their claims in this court in this action. Plaintiffs are advised that, in order to state a claim in federal court, they "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." **Nasious v. Two Unknown B.I.C.E. Agents**, 492 F.3d 1158, 1163 (10th Cir. 2007). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." **Garrett v. Selby Connor Maddux & Janer**, 425 F.3d 836, 840 (10th Cir. 2005). Accordingly, it is

ORDERED that Plaintiffs file, **within thirty (30) days from the date of this order**, an amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order. It is

FURTHER ORDERED that Plaintiffs shall obtain the Court-approved Prisoner Complaint form, along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Plaintiffs fail within the time allowed to file an amended complaint that complies with this order to the court's satisfaction, the action will be dismissed without further notice.

DATED at Denver, Colorado, this 17th day of January, 2012.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge