IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03253-CMA-MEH

DARLENE GAYNEL FOGLE, and
RONALD JENNINGS FOGLE,

    Plaintiffs,

v.

ARCHER THOMAS ELLIOTT, JR., sued in his individual capacity,

    Defendant.

___

### ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

___

**Michael E. Hegarty, United States Magistrate Judge.**

Pending before the Court are Plaintiffs' Amended Motion for Summary Judgment [filed June 1, 2012; docket #64], Defendant's Renewed Motion to Dismiss and to Strike [filed June 28, 2012; docket #72], Plaintiff's (sic) Motion for (sic) Expedite the Proceedings [filed July 3, 2012; docket #75], and "Supplemental Plaintiff's Motion for Summary Judgment" [filed September 13, 2012; docket #80]. The motions have been referred to this Court for recommendation and disposition. (Dockets ##67, 73, 76, 81.) In light of the above motions and the Court's review of the record, the Court finds that Plaintiffs have failed to establish subject matter jurisdiction. Because subject matter jurisdiction is a constitutional prerequisite for any claim in federal court, and because the Court finds that Plaintiffs have otherwise failed to state a claim on which relief can be granted, the Court recommends that Defendant's Renewed Motion to Dismiss and to Strike [filed June 28, 2012; docket #72] be **granted in part** and **denied in part** specified below, that Plaintiffs' Amended Motion for Summary Judgment [filed June 1, 2012; docket #64] and "Supplemental Plaintiff's Motion for Summary Judgment" [filed September 13, 2012; docket #80] be **denied as moot**, and

that this case be dismissed in its entirety.[1] Finally, to the extent the Plaintiffs seek expedited consideration of their summary judgment motions, Plaintiff's (sic) Motion for (sic) Expedite the Proceedings [filed July 3, 2012; docket #75] is **denied**.

## BACKGROUND

Plaintiffs, proceeding *pro se*, filed this action in federal court on December 12, 2011. (Docket #1.) Plaintiff Ronald Fogle is currently incarcerated at Crowley County Correctional facility in Olney Springs, Colorado, and Darlene Fogle, Ronald's mother, resides in Frederick, Maryland. Defendant is a private attorney who practices and resides in Colorado.

The Plaintiffs' relationship with Defendant dates back to December 28, 2008, when Ronald Fogle allegedly paid Defendant $10,000 to represent him in an ongoing civil rights action. (Docket #9 at ¶ 1.) The Court's records show that Defendant entered an appearance on behalf of Mr. Fogle in *Fogle v. Slack, et al.*, Case No. 05-cv-01211-KVH-CBS, on January 8, 2009 [05-cv-01211-KVH-CBS, docket #219] and that Defendant continued to represent Mr. Fogle through July 14, 2010 [*see id.*, docket #308].

On June 1, 2010, Mr. Fogle allegedly learned that Defendant had engaged in various criminal activities with Defendant's girlfriend's brother. (Docket #9 at ¶ 2.) Mr. Fogle shared this information with Defendant, who allegedly responded with a threatening letter on June 14, 2010.

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *In re Garcia*, 347 F. App'x 381, 382-83 (10th Cir. 2009).

(*Id*. at ¶¶ 3, 4.)  Shortly thereafter, Defendant allegedly demanded Plaintiffs pay an additional $10,000 for his continued services.  (*Id*. ¶ 8.)  By July 9, 2010, Plaintiffs pooled their savings and paid Defendant as requested.  (*Id*. at ¶ 10.)

On July 11, 2010, Defendant allegedly advised Ms. Fogle to fly to Colorado for the July 14, 2010 hearing before Judge Vratil.  (*Id*. at ¶14.)  The day of the hearing, Defendant filed a response on behalf of Mr. Fogle indicating that he was unable to show cause as to why the Court should not dismiss all claims remaining in the lawsuit.  (Case No. 05-cv-01211-KVH-CBS, docket #297.)  After considering Defendant's response and Mr. Fogle's remarks at the hearing, Judge Vratil dismissed the action with prejudice.  (*Id*., docket #308.)  Mr. Fogle appealed the decision *pro se*, and the Tenth Circuit affirmed.  *See Fogle v. Slack*, 419 F. App'x 860 (10th Cir. 2011).

Apparently unhappy with Defendant's representation, Mr. Fogle filed suit against Defendant in this district on October 24, 2011. (Case No. 11-cv-02762-LTB.)  On November 15, 2011, Judge Babcock dismissed the action *sua sponte* for lack of subject matter jurisdiction.  (*Id.*, docket #8.)  In so doing, Judge Babcock found that Mr. Fogle's malpractice claims against Defendant were not proper under either § 1981 or § 1983, and advised Mr. Fogle that "if [he] wish[ed] to pursue a legal malpractice claim against Defendant, he must do so in state court." (*Id*. at 4.)

Approximately a month after Judge Babcock's order of dismissal, Plaintiffs filed the present action.  (Docket #1.)  Upon review of Plaintiffs' initial complaint, Magistrate Judge Shaffer identified several deficiencies regarding the substance of Plaintiffs' claims and the basis for federal subject matter jurisdiction.  With respect to Plaintiffs' claims, Magistrate Judge Shaffer noted that Plaintiffs asserted various causes of action under the Constitution but did not allege that Defendant was acting under color of state law.  In addition, Magistrate Judge Shaffer expressed confusion regarding Plaintiffs' failure to allege any state law claims while simultaneously bringing the action

3

in diversity under 28 U.S.C. § 1332(a)(1). Magistrate Judge Shaffer reminded Plaintiffs that actions in diversity require certain elements, including diversity of citizenship, which Plaintiffs had not yet established. In light of these deficiencies, Magistrate Judge Shaffer ordered Plaintiffs to file an amended complaint on or before February 16, 2012. (Docket #6.) Plaintiffs timely filed their amended complaint on February 15, 2012. (Docket #9.)

Plaintiffs' amended complaint asserts four causes of action pursuant to 42 U.S.C. § 1983. (Docket #9 at 3.) Claim One alleges that Defendant committed negligent and intentional torts in violation of Ms Fogle's First Amendment right to be free from retaliation; Claim Two alleges that Defendant subjected Ms. Fogle to cruel and unusual punishment in violation of the Eighth Amendment; Claim Three alleges that Defendant deprived Ms. Fogle of procedural and substantive due process under the Fourteenth Amendment; and Claim Four alleges that Defendant caused Mr. Fogle "tort injuries" by violating his Fourteenth Amendment rights to procedural and substantive due process. (*Id*. at 7-11.) Plaintiffs contend that Defendant acted under color of state law because he is a licensed attorney and officer of the court who swore under oath to uphold state and federal law. (*Id*. at 7.)   As relief, Plaintiffs seek $24,450.00 in compensatory damages, $4,000,000.00 in punitive damages, and $1.00 in nominal damages.

Though each of Plaintiffs' claims involves the United States Constitution, Plaintiffs explicitly assert diversity jurisdiction pursuant to 28 U.S.C. § 1332. (*Id*. at 3.) Plaintiffs contend that diversity jurisdiction is proper because Plaintiffs are both citizens of Maryland, Defendant is a citizen of Colorado, and the amount in controversy exceeds $75,000. (*Id*.)   However, Plaintiffs also cite 28 U.S.C. §§ 1331 and 1367, and the Court's authority to govern lawyers as additional bases for proceeding in federal court.

On March 19, 2012, Plaintiffs filed a motion asking the Court to waive the certificate of

review requirement set forth in Colo. Rev. Stat. §13-20-602. (Docket #21.) Though the Court did not find that a waiver was warranted, it granted Plaintiffs a 90-day extension of time within which to file said certificate in support of their malpractice claims. (Docket #25.) Prior to the expiration of the 90 days, Defendant moved to dismiss the action based, in part, on Plaintiffs' failure to file a certificate of review. (Docket #23.) The Court denied the motion without prejudice, and granted Defendant leave to re-file the motion after the 90-day deadline passed. (Docket #35.)

Beginning in May 2012, Plaintiffs filed a series of summary judgment motions, most of which the Court struck for failure to comply with Judge Arguello's Practice Standards. (*See* dockets ##46, 54, 60.) On June 1, 2012, Plaintiffs filed the Amended Motion for Summary Judgment which is presently pending before the Court. (Docket #64.) Plaintiffs' Motion relies substantially on a letter issued by the Committee on Conduct regarding Defendant's fee agreement with Mr. Fogle. (*Id*.) Plaintiffs highlight the Committee's conclusion that Defendant's fee was unethical and ask the Court to award them $20,000 accordingly. (*Id*.) Similarly, Plaintiffs' most recent "Supplemental [] Motion for Summary Judgment" asks the Court for "summary judgment in their favor between $10,000.00 and $20,000.00[.]" (Docket #80 at 3.)

After Plaintiffs failed to file a certificate of review within the extended deadline, Defendant filed a Renewed Motion to Dismiss and to Strike on June 28, 2012. (Docket #62.) Defendant's Motion argues Plaintiffs' amended complaint should be dismissed because: (1) Plaintiffs cannot assert constitutional claims against a private actor; (2) the Colorado Rules of Professional Conduct do not provide a basis for civil liability; (3) Plaintiffs have not filed a valid certificate of review in support of their malpractice claims; and (4) Plaintiffs' pleading does not comply with the pleading standards set forth in Fed. R. Civ. P. 8(a). In addition to dismissing the amended complaint, Defendant also asks the Court to strike the document because it contains irrelevant, misleading, and

confidential statements about Defendant. Finally, though perhaps most importantly, Defendant contends that the Court should refrain from exercising diversity jurisdiction over Plaintiffs' claims because both Mr. Fogle and Defendant are citizens of Colorado, and the amount in controversy does not exceed $75,000.

Shortly after Defendant moved to dismiss, Plaintiffs filed their Motion for (sic) Expedite (sic) Proceedings. (Docket #75.) Plaintiffs reiterated their invocation of diversity jurisdiction, but conceded that their motion for summary judgment sought an award of less than $75,000. (*Id*. at 2.) In closing, Plaintiffs ask the Court to "order summary judgment in their favor and close the case given that no further claims can be pursued without a certificate of review." (*Id*.)

## LEGAL STANDARDS

### I.     Dismissal Under Fed. R. Civ. P. 12(b)(1)

Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of subject matter jurisdiction." Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case, but only a determination that the court lacks authority to adjudicate the matter. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). A court lacking jurisdiction "must dismiss the cause *at any stage* of the proceeding in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974) (emphasis in original). A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *See Basso*, 495 F.2d at 909. Accordingly, Plaintiffs in this case bear the burden of establishing that this Court has jurisdiction

to hear their claims. Further, under a 12(b)(1) motion, "a court has 'wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts." *Stuart v. Colorado Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001) (quoting *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995)). In such an instance, "a court's reference to evidence outside the pleadings does not convert the motion into a Rule 56 motion." *Id.*

## II.     Dismissal under Fed. R. Civ. P. 12(b)(6)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleads facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.

The Rule 12(b)(6) evaluation requires two prongs of analysis. First, the Court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id.* at 1949–51. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 1950. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949.

The complaint must provide "more than labels and conclusions" or merely "a formulaic recitation of the elements of a cause of action," so that "courts 'are not bound to accept as true a

7

legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has made an allegation, "but it has not shown that the pleader is entitled to relief." *Id*. (quotation marks and citation omitted).

### III. Dismissal of a *Pro Se* Plaintiff's Complaint

A federal court must construe a *pro se* plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted). The Tenth Circuit interpreted this rule to mean, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, this interpretation is qualified in that it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id*.; *see also Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998) (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)). A dismissal "without affording the plaintiff notice or an opportunity to amend is proper only 'when it is patently obvious that plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'" *Curley v. Perry*, 246 F.3d 1278, 1281–82 (10th Cir. 2001) (quoting *Hall*, 935 F.2d at 1110 (additional quotation marks

omitted)).

## DISCUSSION

Defendant argues for dismissal pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). In many cases, resolving the jurisdictional issue under Rule 12(b)(1) eliminates the need for further analysis under Rule 12(b)(6). *See Mounkes v. Conklin,* 922 F. Supp. 1501, 1506 (D. Kan. 1996) ("When a defendant seeks dismissal under Rule 12(b)(1) and 12(b)(6) in the alternative, the court must decide first the 12(b)(1) motion for the 12(b)(6) challenge would be moot if the court lacked subject matter jurisdiction."). In this case, however, the viability of Plaintiffs' constitutional claims may affect the Court's subject matter jurisdiction. Thus, the Court will consider first whether Plaintiffs have stated a claim for relief under the United States Constitution. If the Court determines that there is no federal question, it will then proceed to analyze whether it may exercise diversity jurisdiction over Plaintiffs' assertion of malpractice. After addressing the jurisdictional issues, the Court will, in the interest of thoroughness, evaluate the sufficiency of Plaintiffs' apparent malpractice claim. Finally, the Court will consider Defendant's request to strike certain portions of Plaintiffs' pleadings.

**I.      Federal Question Jurisdiction**

Pursuant to 28 U.S.C. § 1331, federal courts have subject matter jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. *See Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). On its face, Plaintiffs' amended complaint asserts four causes of action under the United States Constitution pursuant to 28 U.S.C. § 1983. However, where a defendant's motion to dismiss attacks the factual basis for subject matter jurisdiction, the Court may consider evidence beyond the face of the complaint to resolve the jurisdictional dispute. *Montana v. Lampert*, 262 F. App'x 914, 917 (10th Cir. 2008) (citing *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004)).

Here, Defendant argues that Plaintiffs' constitutional claims should be dismissed because Defendant is not a state actor. Though Plaintiffs agree that Defendant is a private attorney, they argue that he acted under color of state law because he is licensed and regulated by the state bar and is, in that sense, an officer of the court. Plaintiffs' conclusion is mistaken.

In the Tenth Circuit, "the proposition that a licenced attorney representing a client is acting under color of law for purposes of § 1983 has been squarely rejected." *Evitt v. Durland*, 242 F.3d 388 (Table), 2000 WL 1750512, at *2 (10th Cir. 2000) (citing *Lemmons v. Law Firm of Morris & Morris*, 39 F.3d 264, 266 (10th Cir. 1994)). Because the conduct of a private attorney does not fall within the scope of § 1983, a claim of this kind "does not constitute a federal case." *Lemmons*, 39 F.3d at 266.

In accordance with clearly established Tenth Circuit precedent, the Court finds that Plaintiffs' constitutional claims against Defendant must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because there is no evidence that Defendant acted under color of state law. In the absence of a viable claim under 28 U.S.C. § 1983, the Court further finds that Plaintiffs have failed to establish federal question jurisdiction.

## II.     Diversity Jurisdiction

Pursuant to 28 U.S.C. § 1332(a)(2)(1), federal courts have subject matter jurisdiction over civil actions involving citizens of different states where the amount in controversy exceeds $75,000, exclusive of interests and costs. Defendant argues that neither requirement has been satisfied; thus, the Court will consider each in turn.

### A.     Diversity of Citizenship

Diversity of citizenship must be complete between all plaintiffs and all defendants, meaning that "no plaintiff may be a citizen of a state of which any defendant is also a citizen." *Cameron v.*

*State Farm Mut. Auto Ins. Co.*, No. 10-cv-00699-PAB, 2010 WL 1413174, at *3 (D. Colo. Apr. 2, 2010) (citation omitted).   For individuals, "state citizenship is the equivalent of domicile." *Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983). Domicile, in turn, "is established by physical presence in connection with a certain state of mind concerning one's intent to remain there." *Id*. A person's intent remains significant even when he or she is incarcerated: "when an inmate has been forcibly incarcerated in another state, the state of citizenship should be the state of which he was a citizen before he was sent to prison unless he plans to live elsewhere when he gets out, in which event it should be that state." *Ferrer v. Dailey*, 104 F.3d 367 (Table), 1996 WL 731618, at *1 (10th Cir. 1996) (citations and internal quotations omitted); *see also Smith v. Cummings*, 445 F.3d 1254, 1260 (10th Cir. 2006) ("Because domicile is a voluntary status, a prisoner is presumed to be a citizen of the state of which he was a citizen before his incarceration, even if he is subsequently incarcerated in another state.").

 Defendant argues that complete diversity is lacking because both he and Plaintiff Ronald Fogle are citizens of Colorado. Mr. Fogle denies that he is a citizen of Colorado, and instead claims he is citizen of Maryland. Though Mr. Fogle is currently incarcerated in Colorado, his detention was ordered by a court in Maryland, and he represents that Maryland is his home. Mr. Fogle has also expressed his intent to return to Maryland upon his release from prison.

In addition to Mr. Fogle's assertions regarding his former and future state of residence, the Court finds no evidence that Mr. Fogle has ever intended to remain in Colorado. To the contrary, the record reveals that Mr. Fogle is only in Colorado because a Maryland state court has so ordered. Because Mr. Fogle's presence in Colorado is a product of his incarceration and, as Mr. Fogle asserts, will end when and if he is released, the Court is not persuaded that Mr. Fogle is a citizen of Colorado for purposes of diversity jurisdiction. Finding that neither of the Plaintiffs are citizens of Colorado,

and that Defendant (by his own admission) is a citizen of this state, the Court determines that Plaintiffs have established diversity of citizenship pursuant to 28 U.S.C. § 1332.

      B.      <u>Amount in Controversy</u>

As the Tenth Circuit has keenly observed, "[d]eterminations of sufficiency of the amount in controversy are governed by an odd set of rules." *McPhail v. Deere & Co.*, 529 F.3d 947, 952 (10th Cir. 2008). The majority of these rules have been developed in cases where the defendant has removed the action to federal court and hopes to remain there. After all, "the evident purpose of diversity jurisdiction is to protect out-of-state defendants from possible home-town prejudice of jurors from the plaintiff's state." *Id*. Set against these principles, the instant case is somewhat unusual insofar as it is the out-of-state Plaintiffs who invoke diversity jurisdiction in their suit against a home-town Defendant. Thus, it is Defendant, rather than Plaintiffs, who now challenges the amount in controversy.

When an in-state plaintiff suing an out-of-state defendant wishes to be in federal court, the "plaintiff[] must show that it does not appear to a legal certainty that [he or she] cannot recover the jurisdiction amount." *Woodmen of World Life Ins. Soc'y v. Manganaro*, 342 F.3d 1213, 1216 (10th Cir. 2003) (citations and quotations omitted). The legal certainty standard is very strict, and will generally be met only when the recoverable amount is limited by law or contract, or when there is an obvious abuse of federal court jurisdiction. *Id*. at 1216-17. In the absence of a legal certainty to the contrary, courts generally rely on the amount sought in the complaint. *Id*.

In this case, Plaintiffs' amended complaint seeks compensatory damages in the amount of $24,450.00, punitive damages totaling $4,000,000.00, and nominal damages totaling $1.00. (Docket #9 at 24.) However, subsequent documents filed by Plaintiffs undermine the legitimacy and sincerity of Plaintiffs' initial request. Significantly, all of Plaintiffs' motions for summary judgment

seek judgment against Defendant in the amount of only $20,000.00. (Dockets ##46, 54, 60, 64, 80.) Such motions do not even mention punitive damages. (*See id.*)

In light of the above facts, the Court questions not only whether Plaintiffs are capable of recovering the jurisdiction amount, but whether Plaintiffs still seek it. The Court has further reason to believe that Plaintiffs are abusing federal jurisdiction based on Defendant's assertion that Plaintiffs are pursuing the same claims against him in Denver District Court. (Docket #72 at 20.) Though Plaintiffs' failure to disclose the state action may not, as Defendant argues, be grounds for striking the complaint, it does create a strong suspicion that Plaintiffs are simply trying to recover in whatever court will hear them. In the Court's view, Plaintiffs' apparent court-hopping combined with their repeated demands for judgment at a rate considerably lower than the jurisdictional amount constitutes an abuse of federal court jurisdiction. The Court cannot find, based on the record before it, that the amount in controversy exceeds the $75,000 threshold established by 28 U.S.C. § 1332.

Finding neither federal question nor diversity jurisdiction, the Court recommends the District Court dismiss this action for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).[2]

## IV. Plaintiffs' Malpractice Claim

Though each of Plaintiffs' claims seeks relief under a provision of the United States Constitution, the Court construes their amended complaint liberally to assert a cause of action for malpractice.

---

[2]While the Court acknowledges Plaintiffs' belief that the Court may exercise anomalous jurisdiction over this case, the Court finds the doctrine inapplicable in these circumstances. The doctrine of anomalous jurisdiction developed as a result of the amount-in-controversy requirement that formerly existed under 28 U.S.C. § 1331. *Linn v. Chivatero*, 714 F.2d 1278, 1281 (5th Cir. 1983). Though there is some question as to whether the doctrine has survived the removal of this requirement, the doctrine must be used "with caution and restraint" for the purpose of ordering the return of property unlawfully seized by federal officers. *Id.* The Court finds, and Plaintiffs cite, no cases in which a federal court has exercised anomalous jurisdiction over malpractice claims against a private attorney. Thus, the Court does not find that anomalous jurisdiction is appropriate here.

Pursuant to Colo. Rev. Stat. §13-20-602, in every action for damages upon the alleged professional negligence of a licensed professional, the plaintiff's or complainant's attorney is required to file a certificate of review within sixty days after the service of the complaint. A court may extend the deadline for good cause shown. *See Shelton v. Penrose/St. Francis Healthcare Sys.*, 984 P.2d 623, 626 (Colo. 1999).

The requirements of section 13-20-602 are not jurisdictional; rather, courts have discretion to determine if a certificate of review is necessary. *Keller v. U.S. Dept. of Veteran Affairs*, No. 08-cv-00761-WYD-KLM, 2008 WL 5330644, at *4 (D. Colo. Dec. 19, 2008) (citing *Giron v. Koktavy*, 124 P.3d 821, 825 (Colo. Ct. App. 2005)). "A certificate of review is necessary only for those claims of professional negligence which require expert testimony to establish a prima facie case." *Giron*, 124 P.3d at 825.

In this case, Plaintiffs ask the Court to rely on findings from the Colorado Supreme Court and the Federal Committee on Conduct that Defendant violated the Colorado Rules of Professional Conduct. In support of this argument, Plaintiffs attach a letter from the Federal Committee on Conduct in which the Committee concludes that Defendant committed three violations of the Colorado Rules of Professional Conduct based on his fee agreement with Plaintiff Ronald Fogle.

Upon review of Plaintiffs' amended complaint, which alleges multiple occasions of negligence, the Court finds that Plaintiffs have not obviated the need for expert testimony. The Committee's letter describes offenses related specifically to the fee agreement; however, issues related to the fee agreement comprise only a small portion of Plaintiffs' negligence claims. Moreover, while the Committee's letter may show a breach of duty, it does not address causation or damages. Thus, it is not sufficient to establish a prima facie case of negligence, particularly with respect to the full spectrum of conduct alleged in the amended complaint.

Based on the evidence provided, the Court is unpersuaded that a waiver of the certificate of review is warranted. In its absence, the Court recommends dismissal of Plaintiffs' malpractice claims, to the extent they are so pleaded, pursuant to Colo. Rev. Stat. §13-20-602.

## IV.     Defendant's Request to Strike

Defendant asks the Court to strike portions of Plaintiffs' amended complaint on two bases. First, Defendant argues that certain allegations regarding Defendant's conduct in June 2010, including alleged criminal activity and threats, should be stricken pursuant to Rule 12(f) as "immaterial, impertinent, or scandalous." Second, Defendant asks the Court to strike Plaintiffs' references to disciplinary proceedings against Defendant based on the confidential nature of such records. The Court will consider each request in turn.

### A.     Rule 12(f)

Rule 12(f) permits the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The purpose of Rule 12(f) is to save the time and money that would be spent litigating issues that will not affect the outcome of the case." *Kimpton Hotel & Restaurant Group, LLC v. Monaco Inn, Inc.,* No. 07–cv–01514–WDM–BNB, 2008 WL 140488, at *1 (D. Colo. Jan. 11, 2008) (citing *United States v. Shell Oil Co.,* 605 F. Supp. 1064, 1085 (D. Colo.1985)). Striking a portion of a pleading is a drastic remedy; the federal courts generally view motions to strike with disfavor and infrequently grant such requests. 5C Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 1380 (3d ed. 2011). Motions to strike on the basis of immateriality or impertinence are typically denied unless the allegations have "no possible relation to the controversy and may prejudice one of the parties." *Home Quest Mortg., L.LC. v. American Family Mut. Ins. Co.*, 393 F. Supp. 2d 1096, 1099-1100 (D. Kan. 2005). "If plaintiffs plead evidentiary facts that aid in giving a full understanding

of the complaint as a whole, they need not be stricken." *Id.* at 1100.

Defendant argues that paragraphs 2-5 of Plaintiffs' amended complaint refer to events that occurred over fifteen years ago and have "nothing to do with this lawsuit or the relationship between Plaintiffs and the Defendant." It appears Defendant is particularly disturbed by Plaintiffs' statements regarding Plaintiffs' discovery of Defendant's alleged criminal activity and Defendant's alleged response when Plaintiffs confronted him with this information. (*See* docket #9, ¶¶ 2-5.)

Upon review of Plaintiffs' amended complaint, the Court does not find that the aforementioned paragraphs are entirely unrelated to the present controversy. *See Home Quest Mortg., L.LC.*, 393 F. Supp. 2d 1099-1100. To the contrary, the Court finds that the paragraphs contain evidentiary facts that aid in explaining why Defendant may have, as Plaintiffs allege, acted contrary to Mr. Fogle's legal interests. *See id.* at 1100. Therefore, the Court does not find that Defendant has presented sufficient reasons for striking such paragraphs from Plaintiffs' amended complaint.

B.  Confidential Disciplinary Records

On multiple occasions, Plaintiffs have filed a letter from the Committee on Conduct for the United States District Court for the District of Colorado dated February 15, 2012. (*See* dockets ##21, 46, 54, 60, 64, 80.) The letter is addressed to Defendant and is marked as "Personal and Confidential." Though it is unclear how Plaintiffs obtained a copy of this letter, they have relied on it considerably in pursuing their claims. Such reliance is understandable, as Plaintiffs have been unable to obtain any other expert-type opinion regarding Defendant's prior representation of Mr. Fogle. However, Defendant objects that all references to disciplinary proceedings should be stricken, as such matters are confidential. In support of his request to strike, Defendant cites

provisions from the Colorado Rules of Civil Procedure and this District's Local Rules.

In considering whether portions of the record should be stricken based on the confidentiality of attorney disciplinary proceedings under state law, the Court is mindful that the public interest in disclosure often outweighs a party's interest in avoiding adverse publicity. *See Lobato v. Ford*, 05-cv-01436-LTB-CBS, 2007 WL 3342598, at *11 (D. Colo. Nov. 9, 2007) (citing *Brown & Williamson Tobacco Corp.*, 710 F.2d 1165, 1179 (6th Cir.1983)). In *Lobato*, the court considered the Colorado rules governing the confidentially of disciplinary proceedings cited by Defendant and determined that such provisions were not sufficient to support a party's motion to seal. This Court agrees with the reasoning in *Lobato*, and finds that Plaintiffs' statements concerning the state disciplinary action against Defendant should not be stricken or otherwise removed from the public record.

Beyond state rules governing the confidentiality of attorney disciplinary proceedings, the Court recognizes the confidentiality of proceedings conducted under D.C. Colo. LCivR 83.5. In particular, Defendant cites D.C. Colo. LCivR 83.5D, titled "Complaints," which provides that complaints shall be filed with the Committee and shall remain confidential. Defendant also relies on D.C. Colo. LCivR 83.5C, stating that "all proceedings of the Committee shall be confidential."

Upon review of the Local Rules, the Court finds that confidentiality applies plainly to Committee proceedings and complaints. However, the Court does not find that the Committee's findings are afforded the same explicit protection. Morever, as noted above, the Court understands why Plaintiffs have relied on the Committee's findings in pursuit of their present claim. Like the statements concerning the state proceedings, the Court does not find that the general level of confidentiality afforded to federal disciplinary proceedings and complaints outweighs the public's interest to such a degree that the Committee's conclusions or statements related thereto should be

stricken.

Finding no basis on which to strike portions of Plaintiffs' amended complaint, the Court recommends the District Court deny Defendant's motion in this respect and preserve public access to the entire record.

## **CONCLUSION**

For the reasons described above and based on the entire record herein, the Court finds that Plaintiffs have failed to state a claim for relief under the Constitution, and that Claims One through Four should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). In the absence of a viable constitutional claim, the Court finds no basis for federal question jurisdiction. Similarly, to the extent Plaintiffs invoke the Court's diversity jurisdiction over a malpractice-type claim, the Court finds that the requirements of 28 U.S.C. § 1332 have not been satisfied and that the case should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1). In the interest of caution, the Court also finds that any claim of malpractice is barred by Plaintiffs' admitted failure to file a certificate of review. While the Court recommends dismissal of Plaintiffs' amended complaint, it does not find good cause to strike the portions to which Defendant objects. Thus, the Court recommends Defendant's Renewed Motion to Dismiss and to Strike [filed June 28, 2012; docket #72] be **granted in part** and **denied in part** as stated herein. In light of these conclusions, the Court further recommends Plaintiffs' Amended Motion for Summary Judgment [filed June 1, 2012; docket #64] and "Supplemental Plaintiff's Motion for Summary Judgment" [filed September 13, 2012; docket #80] be **denied as moot**, and that this case be dismissed in its entirety. Finally, Plaintiff's (sic) Motion for (sic) Expedite the Proceedings [filed July 3, 2012; docket #75] is **denied**.

Dated and entered at Denver, Colorado, this 18th day of September, 2012.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge