**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 11-cv-03253-CMA-MEH

DARLENE GAYNEL FOGLE, and
RONALD JENNINGS FOGLE,

     Plaintiffs,

v.

ARCHER THOMAS ELLIOTT, JR., in his individual capacity,

     Defendant.

---

**ORDER ADOPTING IN PART THE SEPTEMBER 18, 2012 RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

---

This matter is before the Court on the Recommendation of United States Magistrate Judge Michael E. Hegarty, filed on September 18, 2012.  (Doc. # 82.)  This Recommendation addressed four pending motions filed in this case: Plaintiffs' Amended Motion for Summary Judgment (Doc. # 64); Defendant's Renewed Motion to Dismiss and to Strike (Doc. # 72); Plaintiff's [sic] Motion for [sic] Expedite the Proceedings (Doc. # 75); and Supplemental Plaintiff's [sic] Motion for Summary Judgment.  (Doc. # 80.)  Ultimately, the Magistrate Judge found that the Court lacked subject matter jurisdiction over this case, and thus recommended that the case should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).  The Magistrate Judge also recommended that the Court deny Defendant's request to strike Plaintiffs' Amended Complaint.

The Recommendation advised the parties that specific written objections were due within fourteen (14) days after being served with a copy of the Recommendation. (Doc. # 82 at 2 n.1.)  Despite this advisement, Plaintiffs did not file their objections until October 15, 2012, almost a month after the Magistrate Judge issued his Recommendation.  "In the absence of timely objection, the district court may review a magistrate [judge's] report under any standard it deems appropriate."  *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").  Moreover, Plaintiff's objections that were received after the deadline are not "specific" because they do not explain why Plaintiffs believe the Magistrate Judge erred.  Rather, Plaintiffs simply assert that the Court should ignore its lack of subject matter jurisdiction.  (Doc. # 84 at 2.)  Because Plaintiffs' objections are untimely and not specific, the Court reviews the Magistrate Judge's Recommendation for clear error.  *See* Fed. R. Civ. P. 72 advisory committee's note.

Based on the Court's review of all relevant pleadings, the Recommendation, and Plaintiffs' objections, the Court finds that "there is no clear error on the face of the record." Fed. R. Civ. P. 72 advisory committee's note.  For the reasons set forth in the Magistrate Judge's Recommendation, the Court agrees that there is no federal question in this case that would provide the Court with subject matter jurisdiction under 28 U.S.C. § 1331.  The Court also agrees with the Magistrate Judge that the Court does not have

diversity jurisdiction under 28 U.S.C. § 1332(a) because the amount in controversy is less than $75,000.  Thus, the Court finds that this case must be dismissed without prejudice for lack of subject matter jurisdiction.

The Magistrate Judge also analyzed the merits of Plaintiffs' malpractice claim under Fed. R. Civ. P. 12(b)(6), finding that Plaintiffs failed to state a claim for relief. (Doc. # 82 at 13-15.)  However, "[b]ecause the court lacked jurisdiction to consider the merits of the case, . . . it was precluded from making this merits-based determination." *Craig v. United States*, 340 F. App'x 471, 476 (10th Cir. 2009).  Thus, the Court does not adopt the portion of the Recommendation in which the Magistrate Judge reached the merits of Plaintiffs' malpractice claim.

Therefore, the Court ADOPTS the Recommendation of Magistrate Judge Hegarty as the findings and conclusions of this Court, except for the portion of the Recommendation analyzing the merits of Plaintiff's malpractice claim.

Accordingly, IT IS ORDERED that:

(1)  Defendant's Renewed Motion to Dismiss and to Strike (Doc. # 72) be GRANTED IN PART AND DENIED IN PART, as specified in the Magistrate Judge's Recommendation;                 .

(2)  Plaintiffs' Amended Motion for Summary Judgment (Doc. # 64) and "Supplemental Plaintiff's [*sic*] Motion for Summary Judgment" (Doc. # 80) are DENIED AS MOOT; and,

(3)  Plaintiff's [sic] Motion for [sic] Expedite the Proceedings (Doc. # 75) is DENIED.

In light of the foregoing, IT IS FURTHER ORDERED that this case be DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

DATED: October  31 , 2012

BY THE COURT:

*Christine M Arguello*
_____
CHRISTINE M. ARGUELLO
United States District Judge