**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Christine M. Arguello**

Civil Action No. 11-cv-03253-CMA-MEH

DARLENE GAYNEL FOGLE, and
RONALD JENNINGS FOGLE,

      Plaintiffs,

v.

ARCHER THOMAS ELLIOTT, JR., in his individual capacity,

      Defendant.

---

## ORDER DENYING MOTION TO RECONSIDER

---

      This matter is before the Court on Plaintiffs' Motion for Reconsideration.  (Doc. # 87.)  In this Motion, Plaintiffs ask the Court to reconsider its Order adopting the Recommendation of United States Magistrate Judge Michael E. Hegarty (Doc. # 82), and dismissing this action without prejudice for lack of subject matter jurisdiction.  (*See* Doc. # 85.)

      The three major grounds that justify reconsideration are (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.  *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  A motion to reconsider is appropriate where the court has misapprehended the facts, a party's position, or the controlling law.  *Id.* (citing *Van Skiver*, 952 F.2d at 1243).

In this case, the Court found that it did not have diversity jurisdiction under 28 U.S.C. § 1332(a) because the amount of controversy is less than $75,000.  According to Plaintiffs' amended complaint, Plaintiff seeks compensatory damages of $24,450.00 and punitive damages totaling $4,000,000.  (Doc. # 9 at 24.)  However, as the Magistrate Judge duly noted, subsequent summary judgment motions filed by Plaintiffs requested damages in the amount of only $20,000.  (Doc. ## 46, 54, 60, 64, 80.)  Then, in their objections to the Magistrate Judge's Recommendation, Plaintiffs seemed to suggest that the Court should ignore subject matter jurisdiction and enter judgment in Plaintiffs' favor.  (Doc. # 84 at 2) ("Ms. Fogle's pain & suffering should not be overlooked by subject matter jurisdiction.").

In the instant motion, Plaintiffs assert that they did not include their claim for punitive damages in their summary judgment motions.  Besides the fact that Plaintiffs did not make this argument in their Objections to the Recommendation, Plaintiffs' summary judgment motions were not partial motions for compensatory damages as they now claim.  Rather, Plaintiffs' asserted that judgment in the amount of $10,000 to $20,000 would "resolve this dispute." (Doc. # 80 at 3.)  Thus, Plaintiffs' representa-tions to this Court make clear that the amount in controversy was less than $75,000.  As such, the Court does not possess subject matter jurisdiction over this case.[1]

---

[1]   Even if the Court did have subject matter jurisdiction, this case would still be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted, as the Magistrate Judge found in his Recommendation.  (Doc. # 82 at 13-15.)

Accordingly, it is ORDERED that Plaintiffs' Motion for Reconsideration (Doc.

# 87) is DENIED.

DATED:  November ___20___, 2012

BY THE COURT:

_____

CHRISTINE M. ARGUELLO
United States District Judge